**SO ORDERED.**

**DONE and SIGNED October 17, 2014.**



_____
JEFFREY P. NORMAN
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

IN RE: Sanderico B. Lewis    CASE NUMBER: 14-11795

**MEMORANDUM ORDER REGARDING APPLICATION FOR COMPENSATION**

On October 16, 2014, the applicant filed an Application for Compensation/Administrative Expense (docket #15). The subject case has been dismissed, the request is relatively small ($300.00) and absent an order from the Court the attorney in the case will go unpaid. It should be a simple task for the Court to review the motion and grant the request. The motion, however, is limited in pleading and the factual and legal allegations contained therein are sparse.

In summary, the factual allegations are that the applicant has received no funds from the debtor; filed a Voluntary Motion to Dismiss for the debtor; counseled the debtor; prepared and filed the petition, schedules and plan; attended the 341 meeting; and that the Chapter 13 Trustee is holding $300.00.

The legal allegations, in summary are that pursuant to local rule 2016-1(D) and Federal Bankruptcy Rule 2002 a hearing on such fee request is not required.

The court does not take exception to the amount of the requested fee. The court has reviewed the docket in the case and fee appears reasonable. The Court, however, is unable to make this determination. The court could grant the same. The amount is small and it could overlook the pleadings deficiencies but doing so would encourage more applications in the same format. The format of the application appears to be boilerplate. The court therefore takes exception to the format and legal sufficiency of the fee application.

Local Rule 2016-1 provides: "In making a determination on attorneys' fees and fee applications by professionals other than attorneys, the court shall consider the factors announced by the Fifth Circuit Court of Appeals in the case of *In the Matter of First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir.1977) and *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974), with such changes as may result from continuing jurisprudence or statutory amendment." Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions presented by the case; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of a case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time pressures imposed by the client or the circumstances; (8) the amount involved and results obtained as a result of the attorney's services; (9) the experience, reputation and ability of the attorneys; (10) the desirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. These factors were derived from New York law which adopted eight factors for determining reasonable fees in Disciplinary Rule 2-106(b), N.Y. COMP. CODES R. & REGS. tit. 22, § 1200.11(b).

The court is unable to consider the factors required by binding Fifth Circuit precedent because the motion is silent as to these factors.

Still further the local rule 2016(A) requires: "Among other factors, the court shall consider with respect to the determination of the quality of representation, whether counsel has correctly and effectively performed his duties, including particularly: 1. Whether the debtor was thoroughly interviewed prior to filing; 2. Whether schedules and pleadings are accurate, complete, and professional; 3. The efficiency with which the case was conducted; 4. Whether counsel has been diligent within the rules of professional responsibility to assure that his client fulfills his statutory duties and his duties imposed by the court order; 5. Whether counsel has fully discharged his ethical responsibilities to his client and his professional responsibility to the court; 6. Whether counsel has promptly attended all hearings and has professionally represented his client at those hearings.

The motion likewise is silent to the quality of representation factors required in the local rule 2016-1(A).

The court understands the nature of these types of fee application. Fee applications in a Chapter 13 case dismissed pre-confirmation are typically filed only when a Chapter 13 debtor has filed a case, paid some money to the Chapter 13 Trustee and then abandoned the case for any number of reasons. They typically are for small sums of money, often the fees based on an hourly rate in the case probably exceed the sum that the Trustee holds, often the attorney would otherwise go unpaid, and that spending a large amount of time on a fee application could for counsel be time consuming and counterproductive. However, a fee application lacking in detail is statutorily deficient and the court wants to discourage "boilerplate" fee applications in these circumstances. There must be some sort of additional pleading to support the factors required not only by binding Fifth Circuit precedent but also by local rule 2016-1(A).

This additional pleading, especially in pre-confirmation, dismissed cases need not be complicated, exhaustive, or contain additional boilerplate. It can be contained in a single but well thought out paragraph in the fee application indicating why the case was filed, what legally and factually occurred during the pendency of the case, detail of the work performed and ultimately

why it was dismissed pre-confirmation. The court does not take exception to a summary rendition in these limited types of cases, i.e. where the Chapter 13 case is dismissed pre-confirmation and the fee request is less than $1,000.00. A detailed fee application of contemporaneous time records by time keeper, hours and rate is not required by the Court but generic and boilerplate descriptions are insufficient. The facts required to be plead should be easily discernable by the attorney in charge of the case and the time expanded to produce it should be minimal.

The Court, therefore, finds that the fee application should be denied, without prejudice. Debtor's counsel may supplement or amend the fee application within 14 days. The Chapter 13 Trustee is **ORDERED** to not refund to the debtor until the expiration of this 14 day period.

**IT IS HEREBY ORDERED** that Debtor's Ex Parte Application for Compensation and Expense by Attorney for the Debtor [Docket # 15] filed on October 16, 2014 is denied for the reasons stated herein, without prejudice.

###